**Anna ROBAK and Robert Robak, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. 77 C 3595.**

United States District Court, N. D. Illinois, E. D.

Nov. 13, 1980.

On Attorney's Fees Dec. 9, 1980.

Barbara Klein, Theodore A. Gilbert, Karlin & Fleisher, Chicago, Ill., for plaintiffs.

Martin B. Lowrey, Asst. U. S. Atty., Chicago, Ill., for defendant.

## MEMORANDUM ORDER

ASPEN, District Judge:

On October 14, 1980, this Court found in favor of the plaintiffs and against

the defendant on the issue of liability, but reserved judgment on the issue of damages. Based upon a review of the evidence in this case on the question of damages, the Court finds that damages in the amount of $900,-000 [1] will compensate plaintiffs for their past and future expenses [2] resulting from defendant's tort. The parties have agreed upon the form for—and plaintiffs have created—a reversionary trust, previously filed and made part of the record herein, in which defendant will deposit the damages awarded herein.[3] This trust will provide for the future maintenance of Jennifer Robak.

The reversionary trust will accomplish at least two purposes that are desirable under the unique facts of this case. First, the trust assures that no matter what may occur in the future to the plaintiffs or their relationship, Jennifer·will be provided for during her lifetime.[4] Second, although defendant has presented no supportive evidence, it has argued that, because of Jennifer's irreversible medical condition, it is highly improbable that she will live the 71.8 years that the insurance life tables project for a *healthy* child of her present age. The reversionary trust resolves any such·possible inequity. It permits this Court to award funds to fully cover 71.8 years of expenses, without being concerned with the possibility of unjust enrichment in the event that Jennifer enjoys a life span shorter than that projected by the insurance life tables, thereby substantially reducing her maintenance costs to a lesser amount of dollars than the full trust proceeds. This will be accomplished since upon Jennifer's death the reversionary trust provides that all trust proceeds will revert back to the defendant.

One issue remains–that of the award of attorneys' fees. In order to assist the Court in determining the appropriate amount of attorneys' fees to be awarded in the instant cause, plaintiffs' counsel are directed to file with the Court within ten days copies of any contract with their clients re attorneys' fees, time sheets and records, affidavits, and any other papers which may be of assistance to the Court in this matter. Defendant may reply thereto within five days. It is so ordered.

## ON ATTORNEYS' FEES

On October 14, 1980, this Court found in favor of the plaintiffs and against the defendant on the question of liability. On November 13, 1980, damages were awarded in the amount of $900,000 ($450,000 to each plaintiff). This award is to be deposited in a reversionary trust–previously created by plaintiff and agreed to as to form by all parties–for the life–time future maintenance of plaintiffs' daughter Jennifer Robak, a rubella–syndrome child who will be eight years of age next month.

In the November memorandum opinion, this Court, in order to be able to determine the appropriate amount of attorneys' fees, directed plaintiffs' counsel to file "copies of any contract with their clients re attorneys' fees, time sheets and records, affidavits, and any other papers which may be of assistance to the Court." Defendant was directed to respond to this filing if it so chose.

In response to the Court's directive, plaintiffs' counsel have submitted a six–page

1. $450,000 is awarded to each plaintiff, for a total of $900,000. Plaintiffs' complaint states individual claims of $500,000 damages for each plaintiff, for a total of $1,000,000. Defendant argues that since both claims are identical, recovery should be limited to $500,000. However, since both parents are equally and separately liable under the law for Jennifer's maintenance during her minority and impaired adulthood (59 Am.Jur.2d, Parent and Child, §§ 50, 101–103), it is the Court's view that it may award damages in the instant cause in an amount up to and including $1,000,000.

2. The costs of maintaining their daughter, over and above the costs of raising and supporting a normal child.

3. Plaintiffs have already expended nearly $30,-000 on Jennifer's behalf. Pursuant to the trust provisions, they may seek reimbursement therefrom immediately after the damage award has been deposited therein.

4. If, for example, Jennifer does live her full 71.8 years as projected under the insurance life tables, her parents in all likelihood will predecease her.

"Memorandum Regarding Attorney's Fees" and a copy of the contract with plaintiffs.[1] This submission is essentially:

(1) a listing of the pleadings and documents filed and a brief narrative describing pretrial efforts by counsel;

(2) a statement that "counsel did not maintain time sheets throughout the course of this action" and that it is "now impossible for counsel to review five (5) years of effort and arrive at an accurate number of hours invested;"[2]

(3) a contract between plaintiffs and their counsel providing for payment in the event of recovery after the filing of the complaint–of 25% of the award and all expenses; and

(4) an argument contention that this attorney–client contract, together with the 1966 amendment to 28 U.S.C. § 2678, "make it clear that the amount of the attorney's fee is no longer a matter for the court's determination."

In awarding fees there are certain general factors the Court must consider in all cases. Additionally, in the instant cause the unique nature of the damage award bears upon determination of the amount of attorneys' fees.

As to the efforts of plaintiffs' counsel before and during trial, the Court finds that:

(1) this was a bench trial which was presented over portions of four trial days;

(2) the legal issues in the trial although novel were not overly complex; and

(3) counsels' pretrial preparation was thorough and their trial presentation was excellent.

In determining attorneys' fees the *amount* of the award must be taken into consideration. In the instant case, the *nature* of the award is as important as the amount. Since damages are to be deposited in a reversionary trust for Jennifer Robak's future maintenance and any monies not disbursed from the trust corpus for Jennifer's care during her lifetime will be returned to the government, this Court set what it views as a generous[3] damage award based upon a projected life–span for a healthy child of Jennifer's present age, i. e., 71.8 years.[4] It is probable that, because of the significant amount of the award and Jennifer's tenuous health status, a substantial portion of the award will ultimately revert back to the defendant. Thus, damages have not been awarded "outright" or "without strings." What plaintiffs ultimately will receive is simply not determinable at this time. Because of the foregoing, the Court must award plaintiffs' counsel a fee based upon a percentage of the amount of dollars, unknown at this time, which will ultimately be disbursed to plaintiffs and their daughter.[5]

■ In the Court's view, reasonable attorneys' fees in this case are 25% of the monies actually disbursed to the plaintiffs, according to the terms of the reversionary

---

1. Defendant has chosen not to respond thereto.

2. Although counsel state that "expenses to date in pressing this claim total nearly $20,000.00," they have not detailed the nature of these expenses nor offered a specific accounting thereof.

3. The government at time of trial objected to a large award. It argued that, because of her irreversible medical condition, it is highly improbable that Jennifer will live the 71.8 years the insurance life tables project for a healthy child of her age. The government contended that damages should be reduced accordingly.

4. In the November Memorandum Order, this Court states that the reversionary trust

permits this Court to award funds to fully cover 71.8 years of expenses, without being concerned with the possibility of unjust enrichment in the event that Jennifer enjoys a life span shorter than that projected by the insurance life tables, thereby substantially reducing her maintenance costs to a lesser amount of dollars than the full trust proceeds. This will be accomplished since upon Jennifer's death the reversionary trust provides that all trust proceeds will revert back to the defendant.

5. This Court's damage award to plaintiffs would have been substantially reduced were it not for the fact that the damages are to be placed in the reversionary trust. Therefore, it is only fair that attorneys' fees not be paid on a percentage basis of an inflated damage award which includes monies that will ultimately be reverting back to the government.

trust, provided that the total fee shall not exceed $225,000.[6] It is further ordered that plaintiffs' counsel may receive from the trust corpus an initial advance of $100,000 towards their attorneys' fee. Additional awards of attorneys' fee, if any, shall be computed and disbursed in the following manner. After an initial $300,000 has been disbursed to the plaintiffs from the trust, counsel may from time–to–time receive from the corpus additional awards of attorneys' fee in amounts equal to one–third ($\frac{1}{3}$) of the amounts additionally disbursed to the plaintiffs, over the initial $300,000 disbursement, at the time such additional amounts are disbursed to plaintiffs.[7]

Plaintiffs' attorneys are also awarded from the corpus of the trust all expenses approved by the Court. Within ten days they are ordered to file an affidavit detailing expenses. Defendant may respond thereto within five days thereafter. It is so ordered.

---

6. Plaintiffs' counsel have argued that 28 U.S.C. § 2678, as amended in 1966, sets a ceiling of 25% on any attorney–client contract for fees and precludes the trial court from independently determining reasonable fees if the contract for fees is within that ceiling. The Court rejects this notion. If fees were simply a matter of contract between attorney and client, there would be no need for counsel herein to petition this Court to affirm an otherwise valid contract. It is the Court's view that Section 2678 simply provides that the Court in determining reasonable attorneys' fees may not hold valid any attorney–client contract for an amount over–and–above 25% of the damage award; nor may the Court otherwise approve a damage award over–and–above such ceiling. This issue, however, need not be reached in light of this opinion, which sets a 25% fee.

7. This formula will assure that counsel receive 25% of up to $900,000 withdrawn from the trust by plaintiffs.